# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARI PAYNE, ) | |
| MICHAEL PAYNE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-14-362-M |
| ) | |
| GRANT COUNTY, OKLAHOMA, ) | |
| a political subdivision which is sued in ) | |
| the name of the Board of County ) | |
| Commissioners for Grant County, ) | |
| Oklahoma, ) | |
| SCOTT STERLING, individually, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is defendants' Motion and Brief to Sever, filed May 29, 2014. On June 18, 2014, plaintiffs filed their response, and on June 24, 2014, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction[1]

Plaintiffs Shari and Michael Payne are husband and wife, and both were employees of the Grant County Sheriff's office. Plaintiffs allege that during her employment, plaintiff Shari Payne witnessed defendant Scott Sterling and Tim Wilkerson make repeated comments about older employees, including talking about how to get rid of older people. Plaintiffs further allege that on multiple occasions, including the last month of her employment, plaintiff Shari Payne opposed and complained of the ageist comments, telling defendant Sterling and Mr. Wilkerson to stop making such comments. On June 2, 2013, plaintiff Shari Payne was terminated, and on August 22, 2013,

---

[1]The facts contained in this Introduction are based upon the Amended Complaint.

she filed an EEOC charge of discrimination for age and gender discrimination. Plaintiff Michael Payne was terminated around August 27, 2013.

On April 11, 2014, plaintiff Shari Payne filed the instant action, alleging age discrimination, retaliation, and gender discrimination claims against defendants. On May 6, 2014, plaintiff Shari Payne filed an Amended Complaint, adding Michael Payne as a plaintiff and adding a retaliation claim against defendants on behalf of plaintiff Michael Payne. In their Amended Complaint, plaintiffs allege that the motivating factors in the decision to terminate plaintiff Shari Payne include her age, gender, and/or her opposition to age discrimination and/or protected reports, and the motivating factors in the decision to terminate plaintiff Michael Payne include retaliation for his wife's complaints of gender and age discrimination.

II. Discussion

Defendants object to the addition of plaintiff Michael Payne's claims against defendants and move to sever the claims of plaintiff Shari Payne from the claims of plaintiff Michael Payne.

Federal Rule of Civil Procedure 20(a) provides, in pertinent part:

> **(a) Persons Who May Join or Be Joined.**
> **(1)** *Plaintiffs.* Persons may join in one action as plaintiffs if:
> **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a).

Further, Federal Rule of Civil Procedure 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.

> While *Rule* 21 is silent on the standard applicable for determining misjoinder, courts have uniformly held that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a). . . . Thus, misjoinder is present, and severance appropriate, when the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or do not present some common question of law or fact.

*Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D.W.Va. 1993) (emphasis in original) (internal quotations omitted). "In order to ascertain if a particular factual situation constitutes a transaction or occurrence for purposes of Rule 20, courts consider whether a 'logical relationship' exists amongst and between the claims." *Sheets v. CTS Wireless Components, Inc.*, 213 F. Supp. 2d 1279, 1286 (D.N.M. 2002) (internal citation omitted).

Having carefully reviewed the parties' submissions, the Court finds that severance is appropriate because plaintiffs' claims do not arise out of the same transaction or occurrence.[2] While plaintiffs' claims are related to some extent, both involve to some degree plaintiff Shari Payne's actions regarding alleged age discrimination, their claims ultimately hinge on distinct facts that are unique to each plaintiff and, thus, do not arise out of the same transaction or occurrence. Plaintiffs

---

[2]In the context of employment discrimination cases, "several courts have held that the 'same transaction or occurrence' requirement is met when plaintiffs allege a pattern and practice of discrimination." *Wagoner v. Pfizer, Inc.*, Case No. 07-1229-JTM, 2008 WL 2937249, at *1 (D. Kan. July 24, 2008). However, in the case at bar, plaintiffs specifically state that the predominate issue in this case is not "pattern and practice." *See* Plaintiffs' Response in Opposition to Defendants' Motion to Sever Plaintiffs at 4.

3

were each discharged at different times for allegedly different reasons. Even in plaintiffs' Amended Complaint, the alleged motivating factors for their terminations are different. Additionally, plaintiffs held different positions; plaintiff Shari Payne was a jailer/dispatcher, and plaintiff Michael Payne was a deputy sheriff. Accordingly, the Court finds that, pursuant to Rule 21, the claims of plaintiff Michael Payne should be severed from the claims of plaintiff Shari Payne.

III.   Conclusion

For the reasons set forth above, the Court GRANTS defendants' Motion and Brief to Sever [docket no. 14], DIRECTS plaintiff Shari Payne to file a Second Amended Complaint in this case by July 25, 2014, and DIRECTS plaintiff Michael Payne to file a separate, individual Complaint with the Clerk of the Court.

**IT IS SO ORDERED this 8th day of July, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE