# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARI PAYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-14-362-M |
| | ) |
| GRANT COUNTY, OKLAHOMA, | ) |
| a political subdivision which is sued in the | ) |
| name of the Board of County | ) |
| Commissioners for Grant County, | ) |
| Oklahoma, | ) |
| SCOTT STERLING, individually and | ) |
| in his official capacity, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff's Motion to Strike or Dismiss Certain Defenses Asserted by Defendants, filed August 18, 2014. On September 4, 2014, defendants filed their responses, and on September 11, 2014, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff filed her Second Amended Complaint on July 14, 2014, asserting claims for age and gender discrimination and retaliatory discharge from her employment at the Grant County Sheriff's Office. On July 28, 2014, defendants Grant County and Scott Sterling filed their answers. In their answers defendants raise a number of affirmative defenses. Plaintiff now moves to strike or dismiss the following affirmative defenses asserted by defendants: (1) failure to take advantage of any preventative or corrective opportunities provided (asserted by both defendants); (2) statute of limitations (asserted by both defendants); (3) failure to comply with the Oklahoma Governmental

Tort Claims Act (asserted by defendant Sterling); and (4) denial of employment relationship (asserted by defendant Grant County).

II.  Discussion

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a portion of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored. *See Colo. Milling & Elevator Co. v. Howbert*, 57 F.2d 769 (10th Cir. 1932) (observing that courts should proceed with extreme caution in striking a pleading). While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court. *See Scherer v. United States Dep't of Educ.*, 78 Fed. App'x 687, 689 (10th Cir. 2003). Further, while the Tenth Circuit has not ruled on whether *Twombly* and *Iqbal* apply to pleading affirmative defenses, this Court has ruled that they do apply. *See Burget v. Capital W. Secs., Inc.*, Case No. CIV-09-1015-M, 2009 WL 4807619 (W.D. Okla. Dec. 8, 2009). The Court, therefore, finds that the affirmative defenses at issue in this case must satisfy the pleading standards set forth in *Twombly* and *Iqbal*.

A.  Failure to take advantage of any preventative or corrective opportunities provided

In their answers, defendants assert that plaintiff "unreasonably failed to take advantage of any preventative or corrective opportunities provided" by that defendant "or to otherwise avoid harm." Defendant Grant County, Oklahoma's Answer to Plaintiff's Second Amended Complaint at 5, ¶ 4; Defendant Scott Sterling's Answer to Plaintiff's Second Amended Complaint at 5, ¶ 3. Defendants' assertion is the second prong of the *Faragher/Ellerth* defense to hostile working environment claims that culminate in a tangible adverse action. Plaintiff contends this affirmative

defense is legally insufficient because she is not claiming hostile working environment as a separate claim for liability. Plaintiff further contends that because this is not a hostile working environment case, the defense which arises from hostile working environment claims is immaterial and subject to being stricken.

In its response, defendant Grant County states that if plaintiff's motion can be read as a stipulation that she is not asserting a claim of hostile work environment, defendant Grant County agrees to withdraw the affirmative defense asserted.[1] In his response, defendant Sterling asserts that whether plaintiff took advantage of any preventative or corrective opportunities to avoid the alleged ageist comments is relevant to her claims that she was terminated in retaliation for opposing said alleged comments. Defendant Sterling further asserts that he pled this defense to place plaintiff on notice that she may not have followed defendant's policy on reporting harassment, which is highly relevant to plaintiff's claim that she was terminated for reporting harassment.

Having reviewed the parties' submissions, the Court finds that while the issue of whether plaintiff took advantage of any preventative or corrective opportunities to avoid the ageist comments may be relevant to plaintiff's claims, an affirmative defense based upon plaintiff's alleged failure to take advantage of any preventative or corrective opportunities provided is legally insufficient because plaintiff is not asserting a claim of hostile work environment. "An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Federal Deposit Ins. Corp. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992). As the *Faragher/Ellerth* defense only applies to hostile work environment claims and plaintiff is not alleging such a claim,

---

[1] Defendant Grant County, however, does note that should plaintiff seek leave to amend her complaint and later add a claim of hostile work environment, it reserves the right to re-allege the *Faragher/Ellerth* defense.

the Court finds this defense could not succeed under any circumstance in this case. Accordingly, the Court finds that this affirmative defense should be stricken.

B.  Statute of limitations

In their answers, defendants assert that plaintiff's claims may be barred by the statute of limitations. *See* Defendant Grant County, Oklahoma's Answer to Plaintiff's Second Amended Complaint at 5, ¶ 5; Defendant Scott Sterling's Answer to Plaintiff's Second Amended Complaint at 5, ¶ 4. Plaintiff contends that this affirmative defense is both factually and legally deficient. As to factual deficiency, plaintiff contends that the pleadings fail to provide any facts identifying the basis of the defense or identifying the claim or claims to which the defense applies. As to legal deficiency, plaintiff contends that there is no plausible basis for the defense.

In its response, defendant Grant County asserts that in her Second Amended Complaint plaintiff does not provide any dates the alleged ageist comments occurred and does not limit her claims any further than stating "during her [seven year] employment." Defendant Grant County contends this demonstrates a potential statute of limitations issue. In his response, defendant Sterling asserts that plaintiff's Second Amended Complaint contains facts which may be reasonably read to suggest that plaintiff's suit includes claims of allegedly wrongful behavior over the course of the last seven years and, thus, some of these claims could be barred by the statute of limitations. Alternatively, defendant Sterling requests that if the Court strikes the statute of limitations defense that he be granted leave to amend his answer to add a statute of limitations defense if any additional facts arise that would have an impact on said defense.

Having carefully reviewed the parties' submissions, as well as defendants' answers, the Court finds that defendants have set forth absolutely no factual basis for their statute of limitations

defense; this defense is merely a boilerplate, conclusory statement. The Court, therefore, finds that this affirmative defense fails to satisfy the *Twombly* and *Iqbal* pleading standards and should be stricken. However, the Court finds that defendants may amend their answers to include a statute of limitations defense if any evidence is uncovered during discovery that would support this defense.

### C. Failure to comply with the Oklahoma Governmental Tort Claims Act

In his response, defendant Sterling withdraws the affirmative defense of failure to comply with the Oklahoma Governmental Tort Claims Act. Accordingly, the Court finds that plaintiff's motion to strike is moot as to this affirmative defense.

### D. Denial of employment relationship

In its answer, defendant Grant County asserts as its first defense that it was not plaintiff's employer. *See* Defendant Grant County, Oklahoma's Answer to Plaintiff's Second Amended Complaint at 4, ¶ 1. Plaintiff contends that this defense is a mere denial and a negative averment, is not an affirmative defense, and should be stricken as legally deficient. In its response, defendant Grant County asserts that this defense is a true statement and is not merely a denial. Specifically, defendant Grant County states that its affirmative defense is that because it was not plaintiff's employer, plaintiff has failed to state a claim against it on which relief may be granted.

Having carefully reviewed the parties' submissions, the Court finds defendant Grant County's denial of an employment relationship is not a mere denial but is in fact the affirmative defense of failure to state a claim. The Court further finds that this affirmative defense is not clearly a legally insufficient defense. Accordingly, the Court finds that this affirmative defense should not be stricken.

III. Conclusion

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART plaintiff's Motion to Strike or Dismiss Certain Defenses Asserted by Defendants [docket no. 32] as follows:

(A) The Court GRANTS the motion to strike as to the following affirmative defenses: (1) failure to take advantage of any preventative or corrective opportunities provided, and (2) statute of limitations and STRIKES these affirmative defenses;

(B) The Court DENIES the motion to strike as to defendant Grant County's denial of an employment relationship defense; and

(C) The Court FINDS the motion to strike is MOOT as to defendant Sterling's failure to comply with the Oklahoma Governmental Tort Claims Act affirmative defense.

**IT IS SO ORDERED this 30th day of September, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE