# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SHARI PAYNE, )
)
        Plaintiff, )
)
vs. ) Case No. CIV-14-362-M
)
GRANT COUNTY, OKLAHOMA, )
a political subdivision which is sued )
in the name of the Board of County )
Commissioners for Grant County, )
Oklahoma, et al., )
)
        Defendants. )

## ORDER

This case is scheduled for trial on the Court's September 2015 trial docket.

Before the Court is defendant Grant County, Oklahoma's ("Grant County") Motion for Summary Judgment, filed April 10, 2015. On May 22, 2015, plaintiff filed her response. On June 5, 2015, Grant County filed its reply, and on July 6, 2015, plaintiff filed her surreply. Based upon the parties' submissions, the Court makes its determination.

## I. Introduction

In January of 2006, plaintiff Shari Payne, a female who is over forty years old, was hired as a dispatcher/jailer at the Grant County Sheriff's Office. In 2013, Scott Sterling, who had worked as a Deputy Sheriff, became the Sheriff of Grant County. Twilladean Cink also worked as a dispatcher/jailer at the Sheriff's Office.[1] In November of 2012, Ms. Cink fell and broke her hip and was not able to return to work until February of 2013. Plaintiff alleges that both prior to and after Ms. Cink returned to work, Sheriff Sterling said that he hoped Ms. Cink did not come back to work

---

[1] At the time Mr. Sterling became the sheriff, Ms. Cink was 80 years of age.

because she was "getting too old" and made other ageist comments, including that it was time to get rid of the older dispatchers and get some younger ones in. Plaintiff alleges that she told Sheriff Sterling that his comments were not nice to say and alleges that she told him to stop making those comments. Sheriff Sterling denies making any ageist comments.

Additionally, shortly after Sheriff Sterling assumed office, he reprimanded plaintiff for leaving a cell door unsecured and unlocked and reprimanded plaintiff for being disrespectful and having words with one of the deputies. On April 14, 2013, Sheriff Sterling issued a memorandum to all staff directing how cash was to be handled by jail staff. After the memo, Sheriff Sterling documented complaints that plaintiff was not securing cash receipts as required. Further, on or about June 2, 2013, plaintiff booked an inmate into the jail, and at the time of booking took possession of 62¢, a cell phone, and other property belonging to the inmate. Plaintiff took the 62¢ and put it in an envelope, but instead of putting the envelope into the safe, she put all of the inmate's property, including the envelope, into the inmate's property bag, contrary to the sheriff's policies. Plaintiff was called back to the Sheriff's Office to locate the inmate's money and property. Within hours, plaintiff was terminated by Sheriff Sterling.

On April 11, 2014, plaintiff filed the instant action, alleging the following claims against Grant County: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Oklahoma Anti-Discrimination Act ("OADA"); (2) retaliation in violation of the ADEA and the OADA, and (3) gender discrimination in violation of Title VII of the Civil Rights Act and the OADA. Grant County now moves for summary judgment as to all claims brought by plaintiff.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

   A.   Plaintiff's employer

Grant County asserts that it is not plaintiff's employer, and, thus, it is not a proper defendant in this case. Grant County further asserts that plaintiff was employed by Sheriff Sterling, a separately elected and autonomous official. Grant County contends that the undisputed facts demonstrate that Sheriff Sterling supervised all aspects of the operation of the Sheriff's Office, including plaintiff's job duties, work schedule, pay, and discipline, and solely made the decision to

3

terminate plaintiff. Grant County further contends that under these circumstances, generically conflating all separately elected officials and their offices under the name "Grant County" as the employer is not proper.²

Plaintiff contends that Grant County is her employer. Specifically, plaintiff asserts that under Oklahoma law, the Sheriff is an officer of the county; his office is a department; and his employees are employees of the County. In other words, Sheriff Sterling and the Sheriff's Office are part of, and not independent from, Grant County. Finally, plaintiff contends Sheriff Sterling is an agent of Grant County, and Grant County is liable for his actions.

Under Title VII, the term "employer" includes "governments, governmental agencies [and] political subdivisions" that have "fifteen or more employees . . . , and any agent of such [government, government agency or political subdivision]." 42 U.S.C. § 2000e(a),(b). Under the ADEA, the term "employer" includes "a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State" that has "twenty or more employees" and includes "any agent of such [political subdivision of a State]." 29 U.S.C. § 630(b). It is undisputed in this case that, at all relevant times, the Sheriff's Office did not employ fifteen or more employees, but Grant County did.

---

²Grant County also asserts that the Board of County Commissioners for Grant County, Oklahoma ("Board") has no statutory duty to hire, train, supervise, or discipline the county sheriffs or their deputies and, thus, the Board cannot be plaintiff's employer. Plaintiff, however, is not asserting that the Board is her employer; she is asserting that Grant County is her employer. Plaintiff has sued Grant County in the name of the Board because Oklahoma law requires a county to be sued in the name of the board of county commissioners for that county. *See* Okla. Stat. tit. 19, § 4. The Court would further note that *Bristol v. Bd. of Cty. Comm'rs*, 312 F.3d 1213 (10th Cir. 2002), a case that Grant County relies upon, addresses the issue of whether a board of county commissioners, rather than the county itself, was the employer of a sheriff's office employee, and, thus, is not directly applicable to the instant case.

Under Oklahoma law, the county is a political subdivision encompassing and representing all citizens within its boundaries. *See* Okla. Const. Art. XVII, § 1 ("Each county in this State, now or hereafter organized, shall be a body politic and corporate."). Further, under Oklahoma law, a sheriff is an officer of the county. *See* Okla. Const. Art. XVII, § 2; Okla. Stat. tit. 19, § 1404(8). He is elected by the body politic and "is responsible for the proper management of the jail in his county and the conduct of his deputies." *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). This necessarily would include the hiring and firing of jail staff and training of jail personnel.

The Tenth Circuit has held:

> A fair interpretation of Title VII confirms our conclusion that the Sheriff should be considered an agent of the County. Whatever the reason for excluding employers with fewer than fifteen employees from Title VII coverage, it should not be construed to exempt a political subdivision with many employees from Title VII proscriptions on grounds that the immediate employing agent has fewer than fifteen employees. No sound policy mandates a contrary result. In short, we think it is clear that for purposes of Title VII an elected county sheriff is an agent of the county for all matters properly committed to his discretion – including the hiring and firing of employees.

*Owens v. Rush*, 636 F.2d 283, 287 (10th Cir. 1980).[3] The Tenth Circuit further found the sheriff and the county in *Owens* "are more analogous to a department and the corporation it operates within than to separate corporate entities." *Id.* at 286, n.2.

Having carefully reviewed the parties' submissions, and the case law, the Court finds that, at a minimum, Sheriff Sterling is an agent of Grant County. The Court, therefore, finds that Grant County may be held liable under Title VII, the ADEA, and the OADA for Sheriff Sterling's actions

---

[3]The Court recognizes that the sheriff in *Owens* was a county sheriff in Kansas, not Oklahoma. The Court, however, finds that based upon the Oklahoma statutes set forth above, the same conclusion would apply to Oklahoma county sheriffs.

in terminating plaintiff's employment. Further, because Sheriff Sterling is an agent of Grant County, the Court finds the number of employees required to impose liability under the ADEA and Title VII has been established. Thus, Grant County is not entitled to summary judgment on this basis.

      B.      <u>Discrimination and retaliation claims</u>

In addressing plaintiff's discrimination and retaliation claims, the Court, because plaintiff has not presented any direct evidence of discrimination or retaliation, must apply the three-part test established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, plaintiff must establish a prima facie case of discrimination or retaliation. *See Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1278 (10th Cir. 2010). Second, once plaintiff has established a prima facie case of discrimination, the burden of production shifts to defendant to articulate a legitimate, non-discriminatory reason for the adverse action. *See id.* Third, if defendant has provided a legitimate, non-discriminatory reason for not selecting plaintiff, the burden shifts to plaintiff to prove the employer's proffered reason was pretextual. *See id.*

Pretext can be established if the plaintiff shows either "that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981) (citation omitted). The "relevant inquiry is not whether [the employer's] proffered reasons were wise, fair or correct, but whether [the employer] honestly believed those reasons and acted in good faith upon those beliefs." *Stover v. Martinez*, 382 F.3d 1064, 1076 (10th Cir. 2004). When reviewing a claim of pretext, a court must look at the facts as they appear to the person making the employment decision. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1231 (10th Cir. 2000).

1.  Age discrimination

To state a prima facie case of age discrimination, a plaintiff must show: "(1) membership in a protected class and (2) an adverse employment action (3) that took place under circumstances giving rise to an inference of discrimination." *Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 627 (10th Cir. 2010). The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has set forth sufficient evidence to state a prima facie case of age discrimination. Specifically, the Court finds that plaintiff is over forty years of age and, therefore, is a member of the ADEA's protected class. The Court further finds that plaintiff was terminated - clearly an adverse employment action. Finally, the Court finds that plaintiff has presented sufficient evidence showing that her termination occurred under circumstances giving rise to an inference of age discrimination. Plaintiff has presented evidence that Sheriff Sterling made ageist comments, including that it was time to get rid of the older dispatchers and get some younger ones in. Plaintiff has also presented evidence that other employees, who are younger than plaintiff, were treated more favorably than plaintiff.

Since plaintiff has established a prima facie case of age discrimination, Grant County must now articulate a legitimate, non-discriminatory reason for terminating plaintiff. Grant County asserts that plaintiff was terminated for repeated violations of Sheriff Sterling's policies on handling money. The Court finds Grant County has met its burden to produce a legitimate, non-discriminatory reason for plaintiff's termination.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in

7

plaintiff's favor, the Court finds plaintiff has submitted sufficient evidence to create a genuine issue as to whether Grant County's explanation is pretextual. Specifically, plaintiff has presented evidence that Sheriff Sterling and Grant County have given different explanations as to why plaintiff was terminated, that other employees were not terminated based upon similar and, in some cases, more severe infractions, and that Sheriff Sterling made numerous ageist comments.

Accordingly, the Court finds Grant County is not entitled to summary judgment as to plaintiff's age discrimination claim.

### 2. Gender discrimination

To state a prima facie case of gender discrimination, a plaintiff must show: "(1) membership in a protected class and (2) an adverse employment action (3) that took place under circumstances giving rise to an inference of discrimination." *Daniels*, 701 F.3d at 627. The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has not set forth sufficient evidence to state a prima facie case of gender discrimination. Specifically, the Court finds plaintiff has not presented sufficient evidence to create a genuine issue as to whether plaintiff's termination took place under circumstances giving rise to an inference of gender discrimination. In fact, the Court finds that plaintiff has presented no real evidence which would give rise to any inference of gender discrimination. Accordingly, the Court finds that Grant County is entitled to summary judgment as to plaintiff's gender discrimination claim.

### 3. Retaliation

To state a prima facie case of retaliation, a plaintiff must show: (1) she engaged in protected activity; (2) she suffered a materially adverse action either after or contemporaneous with her

protected activity; and (3) a causal connection between the protected activity and the adverse action. *See Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1131 (10th Cir. 2010). Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has submitted sufficient evidence to state a prima facie case of retaliation. Specifically, the Court finds that based upon plaintiff's testimony, as well as Sheriff Sterling's testimony that if plaintiff made the statements that she testified she made, he would have considered the statements as opposing age discrimination, plaintiff has submitted sufficient evidence that she engaged in protected activity. Further, the Court finds that plaintiff's termination, a materially adverse action, occurred after her protected activity. Finally, the Court finds plaintiff has submitted sufficient evidence of a causal connection between plaintiff's protected activity and her termination; plaintiff was terminated within three weeks of an instance when plaintiff made a statement opposing the ageist comments made by Sheriff Sterling.

Since plaintiff has established a prima facie case of retaliation, Grant County must now articulate a legitimate, non-discriminatory reason for terminating plaintiff. Grant County asserts that plaintiff was terminated for repeated violations of Sheriff Sterling's policies on handling money. The Court finds Grant County has met its burden to produce a legitimate, non-discriminatory reason for plaintiff's termination.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has submitted sufficient evidence to create a genuine issue as to whether Grant County's explanation is pretextual. Specifically, plaintiff has presented

9

evidence that Sheriff Sterling and Grant County have given different explanations as to why plaintiff was terminated and that other employees were not terminated based upon similar and, in some cases, more severe infractions.

Accordingly, the Court finds Grant County is not entitled to summary judgment as to plaintiff's retaliation claim.

IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Grant County's Motion for Summary Judgment [docket no. 62] as follows:

(A) The Court GRANTS the motion for summary judgment as to plaintiff's gender discrimination claim, and

(B) The Court DENIES the motion for summary judgment as to plaintiff's age discrimination and retaliation claims.

**IT IS SO ORDERED this 18th day of August, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE